**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**UNITED STATES OF AMERICA,**          **CASE NO. 1-CR-05-125**
    **PLAINTIFF**                                               **(DLOTT, J.)**
                                                                        **(HOGAN, M.J.)**
    **VS.**

**STEVEN WHITE,**
    **DEFENDANT**

**REPORT AND RECOMMENDATION**

      This case was referred to the undersigned for the purpose of conducting a hearing on Defendant's previously filed Motion to Suppress (Doc. 13). Defendant seeks to suppress evidence that Deputy Sheriff Joe Heidemann recovered a firearm from the passenger compartment of a vehicle operated by Defendant on Interstate 275, near Interstate 74 and the Ohio-Indiana border. Because this was a search without a warrant, the burden of going forward was on the Government, which proceeded first.

      Deputy Heidemann testified that he was on duty, in uniform and in a marked cruiser, when he noticed a large red/maroon sport utility vehicle approaching from the east. Officer Heidemann, a 14-year veteran of the force, was currently assigned to R.E.N.U., whose interest, of course, is in stopping the flow of narcotics and apprehending those who manufacture, sell and/or possess scheduled drugs unlawfully. Heidemann's interest in the S.U.V. was caused by its size in comparison with other vehicles on the road and the fact that the driver didn't appear to notice or pay any attention to the police vehicle, which was parked in the median. The reason for Heidemann's interest is constitutionally irrelevant. Heidemann then pulled out into traffic and followed the vehicle for approximately 4-5 miles, during which time he ran a computer record of the license plate and determined that a Steven White was the registered owner of the plate and that White had a criminal record for drugs and a weapons offense, but no open warrants existed for either the vehicle or the driver. Heidemann then testified that he observed the S.U.V. follow too closely to the vehicle in front, a situation which led to the use of the police

vehicle's lights as a means of pulling the S.U.V. over to the side of the road and eventual stop there.  Heidemann defined "following too closely" as failing to keep one car length for every 10 m.p.h. in speed.  Defendant was traveling at approximately 10 feet behind the vehicle in front.  Although there was no testimony about the speed of the Defendant's vehicle, we assume that it was neither speeding, nor traveling so slow as to impede other traffic. The Court reasonably assumes from the deputy's testimony about distance that Defendant's vehicle was, in fact, following at an unsafe distance to the vehicle in front because Defendant's vehicle was traveling faster than 10 m.p.h.

Although one might conclude that Defendant's prior record might have been the real motivation for stopping the vehicle and that the distance he was trailing another vehicle would be of little interest to a deputy sheriff assigned to R.E.N.U, the legality of the traffic stop does not depend on the officer's subjective intentions for initiating the stop, but rather the validity of the officer's objective explanation for the stop. *Whren v. United States*, 517 U.S. 806, 812-13 (1996).  *See also United States v. Herbin*, 343 F.3d 807,  (6th Cir. 2003)("that the initial traffic stop was 'a pretext' is legally beside the point").  A more compelling inference might be that a deputy sheriff, armed with preexisting knowledge of a driver's history, might well show interest in following such a person with full knowledge that he cannot lawfully stop the vehicle unless and until he observes the commission of a traffic offense.  One cannot be oblivious to the fact that as the Indiana line approaches, the time for making such an observation rapidly decreases.  Although one might be suspicious and therefore pay much attention to such a situation, Officer Heidemann's credibility as a witness was not successfully attacked, nor was there any contradictory evidence presented.  Therefore, the Court finds that Defendant was "following too closely" and that this behavior objectively justified the stop of Defendant's car for the purpose of issuing a traffic citation. *Herbin*, 343 F.3d at 810.  As long as Deputy Heidemann had probable cause to initially stop defendant's vehicle, his true motivations are irrelevant. *Id*.

The Defendant obeyed the deputy's signal to pull over and stopped his vehicle on the berm of the road.  Deputy Heidemann then observed Defendant brush something from his pants and he approached the driver's side of the stopped vehicle, although he did not describe the gesture as "furtive."  When the deputy approached the vehicle, he noticed a small amount of substance, thought to be marijuana, on the console.  The substance was partially in a small bag, approximately the size of a nickel.  The deputy also perceived the smell of burnt marijuana,

although he conceded that it might have come from a previous use and not necessarily due to any behavior on the part of this Defendant.  The Court does not believe that the smell of marijuana came from the small amount of substance found on the console.

The Defendant, identified by the deputy as the driver of the vehicle, was asked to step outside the vehicle, was subsequently patted down and ultimately left in the custody of Deputy Brian Storms, who came along as back-up.  Because no weapon was found when the pat-down occurred, the Defendant was not thought to be a threat to the officer's safety, especially because he was in Deputy Storm's control.  Deputy Heidemann then searched the vehicle and located the firearm under the carpet and near the emergency brake, located to the left of the driver as he was seated in the vehicle.  Defendant was then formally arrested and subsequently indicted for the unlawful transport of a firearm.

Deputy Heidemann testified that both the traffic offense and the possession of marijuana, since the substance was less than 100 grams, were minor misdemeanors, either of which was punishable by a fine only and not by any period of incarceration.  Both offenses are subject to citation, rather than by physical arrest under Ohio law.  Nevertheless, the fact that the traffic offense is one classified as a minor misdemeanor and not one  justifying a physical arrest under Ohio law is of no constitutional significance in this matter.  The Fourth Amendment permits a police officer to effect a custodial arrest of someone for a misdemeanor parking violation, even though the offense is not one that permits the violator's arrest under state law. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

If Deputy Heidemann were to have issued citations to Defendant, he would have allowed Defendant to return to his vehicle and drive off because there was no evidence that Defendant was other than a validly licensed driver.  However, when Defendant was asked to leave his vehicle and wait in police custody until the search of the passenger compartment was completed, he was effectively arrested because he was not free to leave.  This Court concludes that both the stop of the vehicle, justified by the observation of Deputy Heidemann that Defendant's vehicle was following too closely, and the arrest of Defendant, based upon Heidemann's knowledge of Defendant's criminal history, the smell of burnt marijuana as he entered the vehicle, and the presence of a substance spilled from the baggie plus Defendant's effort to sweep same away, were based on probable cause.  The deputy had the right to conduct a search incident to arrest and the scope of this search encompassed not only the person of Defendant, but included the

passenger compartment of the vehicle. *New York v. Belton*, 453 U.S. 454 (1981).  *See also United States v. Hudgins*, 52 F.3d 115, 119 (6th Cir.)(holding that *Belton* permits the search of the passenger compartment of an automobile even when the defendant is arrested outside, as long as the officer made initial contact while the defendant was inside the automobile), *cert. denied*, 516 U.S. 891(1995), and cases cited therein.  Knowing that the Defendant had a previous weapons offense, the deputy had the right to protect himself by insuring that there was no firearm within reach of Defendant when he returned to the vehicle.

If the District Judge concludes that Defendant was detained, rather than arrested, when asked to exit the vehicle, the search can be justified on the basis of probable cause.  The odor of burnt marijuana coupled with Deputy Heidemann's observation of the presence of a baggie of marijuana on the console in plain view, along with the Defendant's efforts to brush that substance from his pants, all provide a reasonably prudent officer with probable cause to search the vehicle.  *See, e.g., United States v. Burnett*, 791 F.2d 64, 67 (6th Cir. 1986)(police officer's observation of marijuana on floorboard of lawfully stopped car constituted probable cause to search the entire car). The fact that a firearm, rather than drugs, was found is unimportant.

The Motion to Suppress should be denied.


December 13, 2005               s/Timothy S. Hogan
                                Timothy S. Hogan
                                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**
    **Plaintiff(s),**

    v.

**STEVEN WHITE,**
    **Defendant(s).**

CASE NO. 1:05cr0125
(Dlott, J.; Hogan, M.J.)

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 12/14/2005. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.