IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff | : | |
| | : | Case Number: 1:05cr125 |
| vs. | : | |
| | : | District Judge Susan J. Dlott |
| Steven M. White | : | |
| | : | ORDER ADOPTING REPORT AND |
| Defendant | : | RECOMMENDATION AND DENYING |
| | : | DEFENDANT'S MOTION TO SUPPRESS |

This matter comes before the Court on Magistrate Judge Timothy S. Hogan's Report and Recommendation (R&R) (doc. #19) recommending that this Court deny Defendant's Motion to Suppress (doc. #13); Defendant's Motion to Review Report and Recommendation of Magistrate Judge and Objections (doc. #25); and Response of the United States to Defendant's Objections to R/R (doc. # 27).   This Court reviews a Magistrate's R&R on a motion to suppress de novo. See 28 U.S.C. § 636(b)(1)(C); United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001).

The Court has considered all of Defendant's objections and need address only one of them here.  Defendant argues that one of Judge Hogan's factual findings – that Deputy "Heidemann testified that [Defendant] was brushing marijuana off his pants" as Deputy Heidemann approached Defendant's car – was unsupported by the record.  (See doc. #25 at 6.) Defendant argues that, because the evidence presented at the hearing on the motion to suppress did not show that the substance was marijuana, Deputy Heidemann did not have probable cause to search the car on that basis.  (Id. at 7.)  The R&R mentions the substance which Defendant brushed from his pants twice, stating first that Deputy Heidemann "observed Defendant brush something from his pants," and second that Defendant's arrest was based on probable cause

arising from, among other reasons,"the presence of a substance spilled from the baggie plus Defendant's effort to sweep same away."

Because Deputy Heidemann testified that the baggie contained marijuana (T.R. at 32), one reading of Judge Hogan's comments is that he believed that the substance Defendant brushed from his pants was marijuana.  Defendant argues that the finding was not supported by the evidence because Deputy Heidemann testified that at the time he saw Defendant brush a substance from his pants, Deputy Heidemann did not know what the substance was.  (T.R. 26-27.)  Even if Judge Hogan erred in that factual conclusion, however, and Defendant's brushing an unidentified substance from his pants did not itself provide probable cause, Deputy Heidemann still had probable cause to search Defendant's car because he smelled marijuana in the car and saw marijuana in plain view on the dashboard.  (T.R. 6-7.)  See, e.g., United States v. Foster, 376 F.3d 577, 588 (6th Cir. 2004) (smell of marijuana emanating from vehicle gives officers probable cause to search); United States v. Burnett, 791 F.2d 64, 67 (6th Cir. 1986) (marijuana in plain view provides officers right to search entire car).  Defendant's objection is therefore inconsequential.

As for Defendant's other objections, they are essentially restatements of matters already considered and correctly decided in the R&R.  They are consequently without merit.  The Court therefore **OVERRULES** all of Defendant's objections; **ADOPTS** the R&R (doc. #19) and consequently **DENIES** Defendant's Motion to Suppress (doc. #13).

IT IS SO ORDERED.


_____s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge